IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RESONANT SYSTEMS, INC., d/b/a RevelHMI, <br><br>             *Plaintiff*, <br><br>    v. <br><br> SONY GROUP CORPORATION and SONY INTERACTIVE ENTERTAINMENT, INC., <br><br>             *Defendants*. | CIVIL ACTION NO. 2:22-CV-00424-JRG |

**MEMORANDUM OPINION AND ORDER**

## I.   INTRODUCTION

Before the Court is Sony Interactive Entertainment Inc. ("SIEI") and Sony Group Corporation's ("SGC") (collectively, "Defendants") Motion to Dismiss Plaintiff's Complaint for Patent Infringement (the "Motion"). (Dkt. No. 13.) Defendants bring the Motion pursuant to Federal Rule of Civil Procuedure 12(b)(6). (*See id.* at 2.) Plaintiff Resonant Systems, Inc. ("RevelHMI") opposes the Motion. (*See* Dkt. No. 15.) For the following reasons, the Court finds that the Motion should be **DENIED**.

## II.   BACKGROUND

RevelHMI filed suit against the Defendants on October 26, 2022. (Dkt. No. 1.) The complaint alleges that Defendants directly and indirectly infringe three patents—United States Patent Nos. 8,860,337 (the "'337 Patent"), 9,369,081 (the "'081 Patent"), and 9,941,830 (the "'830 Patent) (collectively, the "Asserted Patents")—via the PlayStation 5 DualSense Wireless Controller. (*Id.* at ¶¶ 1, 10, 16, 22.)

RevelHMI is a Washington state corporation located in Seattle, Washington. (*Id.* at ¶ 2.) Defendants are publicly-traded Japanese corporations, located in Tokyo, Japan. (*Id.* at ¶¶ 3–4.)

**III.   LEGAL STANDARD**

Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Court can dismiss a complaint that fails to meet this standard. Fed. R. Civ. P. 12(b)(6). To survive dismissal at the pleading stage, a complaint must state enough facts such that the claim to relief is plausible on its face. *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court accepts well-pleaded facts as true and views all facts in the light most favorable to the plaintiff but is not required to accept the plaintiff's legal conclusions as true. *Id.* "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Twombly,* 550 U.S. at 555.

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "The court may consider 'the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.'" *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (quoting *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

## IV.  ANALYSIS

### A.  Direct Infringement

Defendants argue that RevelHMI's complaint should be dismissed because it makes no more than conclusory allegations that either Defendant directly infringes the Asserted Patents. (Dkt. No. 13 at 3–4.) Defendants also complain that RevelHMI has not provided sufficient notice to each Defendant of what infringing acts each Defendant is being accused of performing. (*Id.* at 4 (citing *Galderma Labs., L.P. v. Teva Pharms. USA, Inc.,* 290 F.Supp.3d 599, 618 (N.D. Tex. 2017); *Soar Tools, LLC v. Mesquite Oil Tools, Inc.*, No. 5:19-CV-243-H, 2020 WL 5500238, at *3-4 (N.D. Tex. Sept. 11, 2020)).) Defendants also argue that another "Sony" entity, Sony Interactive Entertainment LLC ("SIE LLC"), sells the accused products, as shown by a single website cited in multiple attachments to the complaint. (*Id.* at 4–5 (citing Dkt. Nos. 1-2, 1-4, 1-6).)

In response, RevelHMI argues that its complaint is sufficient to put the Defendants on notice of what activity is being accused of infringement, and that it does not need to identify the infringing actions on a defendant-by-defendant basis. (Dkt. No. 15 at 2–4 (citing *Canon, Inc. v. TCL Elecs. Holdings Ltd.*, No. 2:18-CV-00546-JRG, 2020 WL 1478356, at *5 (E.D. Tex. Mar. 25, 2020); *In re Taasera Licensing LLC, Pat. Litig.*, No. 2:22-CV-00468-JRG, 2023 WL 2716540 (E.D. Tex. Mar. 29, 2023)).) RevelHMI further argues that whether SIE LLC infringes is irrelevant to the question of whether the Defendants infringe the Asserted Patents. (*Id.* at 5–6.)

Defendants argue in reply that the complaint lacks specific factual allegations. (Dkt. No. 17 at 1–2.) Moreover, Defendants argue, RevelHMI has not provided each individual Defendant with sufficient notice of their allegedly infringing activities. (*Id.* at 2–3.)

The Court is not persuaded by Defendants' arguments. RevelHMI identified an accused product bearing the trade name of the Defendants, Sony. (Dkt. No. 1 at ¶¶ 1, 10, 16, 22 (identifying

3

the "Sony PlayStation 5 DualSense Wireless Controller" as an accused product).) RevelHMI then alleges that Defendants infringe the Asserted Patents by, among other things, selling the identified accused product in the United States. (*Id.*) Taken together, this is more than enough to plausibly allege direct infringement. Defendants have notice of which product is accused, and how they infringe. This is sufficient for Defendants to mount a defense. Notably, "the pleading standard set out by *Iqbal* and *Twombly* does not require identification of actions 'on a defendant-by-defendant basis.'" *Canon*, 2020 WL 1478356, at *5. *See also*, *In re Taasera*, 2023 WL 2716540, at *3–4.

The fact that SIE LLC may have more of a connection to the accused product, or may be the actual entity who infringes is no reason to dismiss the complaint. At this stage, the Court is to take well-pleaded facts as true and views all facts in the light most favorable to the plaintiff. *Thompson*, 764 F.3d at 502. As discussed above, RevelHMI has plausibly alleged that the Defendants have infringed the Asserted Patents.

The out-of-district cases cited by Defendants do not compel an opposite result. *Galderma Laboratories* is clearly distinguishable because it concerned sufficiency of pleadings under the Hatch-Waxman Act, not 35 U.S.C. § 271. 290 F. Supp. 3d at 605, 615–18. *Soar Tools* is distinguishable because the court relied heavily on the fact that plaintiff's complaint showed that the accused product was marked with a patent owned by the plaintiff. 2020 WL 5500238 at *2. The court relied heavily on this, finding it implausible that the defendant would affix a patent number belonging to the plaintiff on an accused product that allegedly infringes a patent owned by plaintiff. *Id.* at *7. No such salient facts exist here.

### B. Induced Infringement

Defendants argue that RevelHMI's claims for induced infringement should be dismissed because RevelHMI has not plead facts plausibly showing that at least one of the Defendants specifically knew of the asserted patents, intended for another party to infringe, and knew that the other party's acts would constitute infringement. (Dkt. No. 13 at 6.) Defendants also argue that the indirect infringement claims should be dismissed because RevelHMI has failed to "identify the requisite specific intent and knowledge of each Defendant to allegedly induce infringement of each patent." (*Id.* at 7 (emphasis removed).)

In response RevelHMI argues that it need not allege pre-suit knowledge because it has alleged that the Defendants have knowledge of the Asserted Patents from the complaint itself. (Dkt. No. 15 at 6 (citing Dkt. No. 1 at ¶¶ 11, 17, 23).) RevelHMI also re-urges that it need not identify actions on a defendant-by-defendant basis. (*Id.* at 7.)

Defendants re-urge in reply that RevelHMI has not pled facts to support a claim for induced infringement. (Dkt. No. 17 at 4–5.) Defendants also argue that Plaintiff's allegations with respect to the intent requirement for induced infringement are deficient. (*Id.*)

As an initial matter, because the Court finds that RevelHMI's direct infringement claims should not be dismissed, the indirect infringement claims should not be dismissed because direct infringement was not properly plead—it was.

The Court finds that RevelHMI has adequately pled that the Defendants have induced infringement of the Asserted Patents. Defendants certainly have gained knowledge of the Asserted Patents and the allegedly infringing nature of the accused product through the filing of the complaint, and this passes Rule 12(b)(6) muster. *See RightQuestion, LLC v. Samsung Elecs. Co.*, No. 2:21-CV-00238-JRG, 2022 WL 507487 at *3 (E.D. Tex. Feb. 18, 2022); *In re Taasera*, 2023

5

WL 2716540, at *5. Moreover, RevelHMI has pled that Defendants intend that customers and other companies infringe the Asserted Patents. (Dkt. No. 1 at ¶¶ 11, 17, 23.) This is sufficient to plead intent. *See Semcon IP Inc*, 2019 WL 1979930, at * 4.

Further, RevelHMI need not "identify the requisite specific intent and knowledge of each Defendant to induce infringement of each patent" as Defendants argue. (Dkt. No. 13 at 7 (emphasis removed).) As discussed above, requiring an "identification of actions on a 'defendant-by-defendant basis,'" including for induced infringement, goes beyond what is required because doing so would "impose a higher pleading standard than what is required by the Supreme Court." *Canon*, 2020 WL 1478356, at *5; *In re Taasera*, 2023 WL 2716540, at *7.

## V.  CONCLUSION

For the foregoing reasons, the Court finds that the Motion (Dkt. No. 13) should be, and hereby is **DENIED**.

**So ORDERED and SIGNED this 5th day of September, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE