UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RESONANT SYSTEMS, INC. d/b/a RevelHMI,<br><br>       Plaintiff,<br><br>  v.<br><br>SONY GROUP CORPORATION and SONY INTERACTIVE ENTERTAINMENT INC.,<br><br>       Defendants. | Case No. 2:22-cv-00424-JRG |

**DEFENDANT SONY INTERACTIVE ENTERTAINMENT INC.'S RESPONSES TO RESONANT SYSTEMS, INC.'S MOTIONS *IN LIMINE***

## TABLE OF CONTENTS

                                                                                       **Page**

I.    RESPONSE TO RESONANT MOTION *IN LIMINE* NO. 1: ANY OBJECTIONS REGARDING REFERENCES TO ADULT PRODUCTS CAN AND SHOULD BE ADDRESSED AT TRIAL. .................................................................................... 1

II.   RESPONSE TO MOTION *IN LIMINE* NO. 2: BOTH PARTIES ARE SUBJECT TO STANDING MIL ORDER NO. 9 PRECLUDING REFERENCES TO THEFT, COPYING, OR MISAPPROPRIATION. ............................................................ 3

III.  RESPONSE TO MOTION *IN LIMINE* NO. 3: SIE INC. DOES NOT INTEND TO PRESENT EVIDENCE OR ARGUMENT REGARDING NEW OR SUCCESSOR SONY PRODUCTS. ................................................................................. 4

1614424847

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baker v. City of McKinney, Texas*,
   608 F. Supp. 3d 457 (E.D. Tex. 2022) ........................................................................................2

*Ogden v. Cozumel, Inc.*,
   No. A-18-CV-00358-DAE-SH, 2019 WL 5295495 (W.D. Tex. Oct. 18, 2019) ........................3

*Sanchez v. Davis*,
   888 F.3d 746 (5th Cir. 2018) ......................................................................................................1

1614424847

I.  **RESPONSE TO RESONANT MOTION *IN LIMINE* NO. 1: Any Objections Regarding References To Adult Products Can And Should Be Addressed At Trial.**

A motion *in limine* is designed "to ensure that testimony is not revealed to the jury that is so prejudicial that even a subsequent instruction to disregard cannot undo the damage." *Sanchez v. Davis,* 888 F.3d 746, 751 (5th Cir. 2018). Resonant's MIL No. 1 fails to satisfy that standard. To the contrary, the fact that Resonant's motion is directed to only what it characterizes as "unnecessary" or "gratuitous" references to adult products is a concession that some references to adult products will be relevant to the issues in this case. To be clear, SIE Inc. does not intend to introduce any gratuitous or unnecessary argument or evidence at trial regarding this topic or any other. And SIE Inc. certainly does not intend to present any evidence regarding pornography or adult films. But the appropriate way to address Resonant's stated concerns is through evidentiary objections at trial, not by allowing Resonant to present a whitewashed portrayal of its company's history and products.

Contrary to Resonant's suggestion, the undisputed fact is that before it filed this and other lawsuits alleging patent infringement, Resonant operated for several years in the adult sexual wellness industry and sold vibrators. Resonant's marketing materials, its USPTO filings, and Resonant CEO Robin Elenga's own public statements are replete with references to "vibrators," "sex toys" and "sexual wellness." For example, Resonant's own website stated that Mr. Elenga started the business based on "an epiphany about the vibrator industry" and the company's "How we got started" webpage uses the terms "sexual vibrator" and "sexual wellness" to describe its product line and company history. Ex. 1 at 1.; Ex. 2 at 1-2. *See also,* Ex. 3 at 1 (RevelBody Company Fact Sheet describing its "sexual wellness products"); Ex. 4 at 1, 25 (███████ ████████████████████████████████████████████████████ ███████████████). Indeed, the provisional application identified on the face of the

1

Asserted Patents—which is the basis for Resonant's priority claim in this case—is titled "Linear Vibrating Motor For Sex Toy" and includes statements such as: "This patent covers several variations of a linear resonating vibration motor primarily for use in adult sex toys." Ex. 5 at SONY_00007974, 78, 83; *see also,* Ex. 6, Elenga Dep. Tr. 185:13 – 186:20. Moreover, there is a significant dispute between the parties regarding whether Resonant's vibrator products—such as the Revel Body product—should have been marked with the Asserted Patents. As a result, terms such as "sex toy" or "vibrator" are invariably going to be used in connection with testimony and evidence regarding Resonant's company history, its commercial products, the conception and reduction to practice of the alleged inventions in the Asserted Patents, and the issue of damages. *See, e.g.,* Ex. 7. Welch Reb. Rep. ¶¶ 227-234; Ex. 8. Welch Inv. Rep. ¶¶ 679-680, 684-685. Precluding argument and evidence regarding these substantive issues on the basis that they are "unnecessary" or "gratuitous" references to adult products would be prejudicial to SIE Inc. Any concerns Resonant has can and should be raised via evidentiary objections at the appropriate time. *See Baker v. City of McKinney, Texas,* 608 F. Supp. 3d 457, 461 (E.D. Tex. 2022) ("Evidentiary rulings, especially those addressing broad classes of evidence, should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context.") (internal citations omitted).

      Resonant's motion to exclude the term "vibrator" from trial fails for the same reasons. Indeed, the evidence described above confirms that Resonant and its CEO have referred to Resonant's line of products as "vibrators" or "sex toys" for years. In fact, contrary to Resonant's representations, the voluminous record indicates that Resonant and its CEO rarely, if ever, used the term "personal massager" to describe its products or the industry in which it operated until it stopped producing sexual vibrators and focused on patent litigation. *See, e.g.,* Ex. 6 Elenga Dep.

1614424847

Tr. at 135:2-15 ("Q: Is that one of…the reasons you thought to use similar resonating technology in a vibrator? …A: [I]f you look at where vibrators are used and the market share of vibration motors, sex toys—and personal massagers is probably a better term—it's a big part of the market."). Indeed, even after it stopped marketing the Revel Body vibrators, Mr. Elenga continued to refer to Resonant's business as being within the "sex toy market." *See* Ex. 9 at 3 ("[W]hen our sex toy factory shut down on us, we were able to pivot[.] …I think we will make more money in the sex toy market providing motors than we would have with Revel Body.").

Finally, Resonant's motion should be denied because it has failed to articulate any objective standard to distinguish "unnecessary" or "gratuitous" references to adult products from the undeniably relevant issues in this case. *See Ogden v. Cozumel, Inc.,* No. A-18-CV-00358-DAE-SH, 2019 WL 5295495, at *1 (W.D. Tex. Oct. 18, 2019) ("[T]he purpose of motions *in limine* is…to identify *specific* issues which are likely to arise at trial[.]") (emphasis in the original, internal citations omitted). Nor has Resonant made any effort to explain why such references would cause Resonant irreversible prejudice or harm in the eyes of the jury. Resonant is free to make appropriate evidentiary objections during trial but the Court should deny Resonant's motion *in limine*.

## II. RESPONSE TO MOTION *IN LIMINE* NO. 2: Both Parties Are Subject To Standing MIL Order No. 9 Precluding References To Theft, Copying, Or Misappropriation.

As counsel for SIE Inc. advised Resonant's counsel during the pre-filing meet and confer process, SIE Inc. does not oppose this motion and does not intend to present any evidence or argument that Resonant's CEO, Mr. Elenga, stole or misappropriated any technology or intellectual property. Indeed, the Court's Standing MIL Order No. 9 explicitly precludes both parties from presenting evidence or argument that characterizes any other person or entity's

3

actions as "stealing," "copying," "misappropriating," "pirating," "trespassing," or any similar terms.[1]

Pursuant to Court Standing MIL Order No. 9, Resonant should likewise be precluded from any argument, testimony, or evidence that SIE Inc. or any other Sony entity copied, stole or misappropriated technology or intellectual property. For example, Mr. Elenga stated during his deposition that when he saw a teardown of the accused Sony PS5 controller's motor, he was "█████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████". Ex. 6, Elenga Dep. Tr. 205:7-207:5. Mr. Elenga also speculated that if Sony "█████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████" Ex. 6, 203:1-7. In addition to being speculative, irrelevant, and prejudicial, any such testimony would only be introduced to support a suggestion that SIE Inc. or some other Sony entity copied Resonant's product and should likewise be excluded under the Court's Standing MIL Order No. 9. Simply put, <u>both</u> parties should be precluded from introducing any argument or evidence that any individual or entity stole, copied, or misappropriated any intellectual property or technology.

### III. RESPONSE TO MOTION *IN LIMINE* NO. 3: SIE Inc. Does Not Intend To Present Evidence Or Argument Regarding New Or Successor Sony Products.

As counsel for SIE Inc. advised Resonant's counsel during the pre-filing meet and confer process, SIE Inc. does not intend to present evidence or argument regarding new or successor

---

[1] SIE Inc. notes that it has asserted an inequitable conduct defense based on the applicant's failure to disclose certain prior art during prosecution. SIE Inc. understands that the Court will resolve that issue post-trial issue and that any evidence related to inequitable conduct will not be presented to the jury. In any event, SIE Inc.'s inequitable conduct defense is not based on any allegations that Mr. Elenga stole or misappropriated technology or intellectual property.

4

products that have never been a part of this case. Based on Resonant's representation that nothing in its motion will preclude Sony's experts from "testify[ing] about the opinions expressed in their reports," SIE Inc. does not oppose this motion.

Dated: October 28, 2024

Respectfully submitted,

*/s/ Richard Mulloy*
Melissa Smith
TX Bar No. 24001351
James Travis Underwood
TX Bar No. 24102587
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903.934.8450
Facsimile: 903.934.9257
melissa@gillamsmithlaw.com
travis@gilliamsmithlaw.com

Richard Mulloy (admitted *pro hac vice*)
Edward Sikorski (admitted *pro hac vice*)
**DLA PIPER LLP (US)**
4365 Executive Drive, Suite 1100
San Diego, CA  92121
Telephone: (858) 677-1400
Facsimile: (858) 677-1401
richard.mulloy@us.dlapiper.com
edward.sikorski@us.dlapiper.com

Matthew Satchwell (IL Bar No. 6290672)
Aima Mori (admitted *pro hac vice*)
**DLA PIPER LLP (US)**
444 West Lake Street, Suite 900
Chicago, IL  60606
Telephone: (312) 368.4000
Facsimile: (312) 236.516
matthew.satchwell@us.dlapiper.com
aima.mori@us.dlapiper.com

Martin Ellison (admitted *pro hac vice*)
**DLA PIPER LLP (US)**
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA  90067-4735

5

Telephone: (310) 595-3000
Facsimile: (310) 595-3300
martin.ellison@us.dlapiper.com

Derek Gretkowski (admitted *pro hac vice*)
**DLA PIPER LLP (US)**
One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, PA  19103-7300

Eric A. Buresh (KS Bar No. 19895)
Mark C. Lang (KS Bar No. 26185)
**ERISE IP, P.A.**
7015 College Blvd., Suite 700
Overland Park, KS  66211
Telephone: (913) 777-5600
Facsimile: (913) 377-5601
eric.buresh@eriseip.com
mark.lang@eriseip.com

Abran J. Kean (admitted *pro hac vice*)
**ERISE IP, P.A.**
5299 DTC Blvd., Suite 1340
Greenwood Village, CO  80111
Telephone: (913) 777-5600
Facsimile: (913) 377-5601
Abran.kean@eriseip.com

*Attorneys for Defendant Sony Interactive Entertainment Inc.*

6

### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that Defendant is authorized to file this document and related exhibits under seal pursuant to the Protective Order and Local Rule CV-5(a)(7) because they contain confidential material.

>　　　　　　　　　　　　　　　　　　　　*/s/Richard Mulloy*
>　　　　　　　　　　　　　　　　　　　　Richard Mulloy

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 28, 2024 to all counsel of record via electronic email.

>　　　　　　　　　　　　　　　　　　　　*/s/ Richard Mulloy*
>　　　　　　　　　　　　　　　　　　　　Richard Mulloy

7

1614424847